## ESTATE OF MERCEDES CAMETO.

No. 6473—1875.

WILL.—REVOCATION OF PROBATE.—ATTORNEY APPOINTED BY THE COURT to represent absent or minor heirs has no right as such to institute proceeding for revocation of probate. To obtain a standing in Court, for such a purpose, a general guardian should be appointed.

NOTICE DEFECTIVE.—Where the notice on probate is defective, it is the duty of the Court on attention being called to the defect, to set aside all proceedings based on such notice.

Construing sections, C. C. P., 1303–4; 1327, 1718.

*Stuart S. Wright* and *R. Y. Hayne,* for petitioners.

*G. W. Tyler,* contra.

On the hearing of the application for the probate of the will of deceased, attorneys were appointed by the Court, under Sec. 1718, C. C. P., to represent certain minors interested in the estate as heirs at law, and they acted in that capacity. Subsequently, as such appointees, they filed a petition for revocation of the probate of the will, to which objection was made that they had no authority.

By the COURT: An attorney appointed by the Court under Sec. 1718, has no authority to institute proceedings for revocation of the probate of the will. He or some other person must first be appointed general guardian or guardian *ad litem* under Secs. 372–3, and then he may proceed and file the petition. Sec. 1718 authorizes the Court to appoint an attorney for minors and absentees only after some other person has instituted proceedings. The petition is dismissed.

In this case, the affidavit of publication of notice for probate of the will shows that the publication was defective. The attention of the Court having been now called to the matter, it is ordered that the order admitting the will to probate, and all subsequent proceedings, be vacated and set aside, and that proceedings for the probate of the will be commenced *de novo,* from and after the filing of the petition.